UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

M.N.B., by and through her parent, J.B.,   Case No. 17-cv-02765

Plaintiffs,

vs.                                         **COMPLAINT**

Independent School District No. 279, Osseo
Area Schools, Minnesota,

Defendant.
_____

Plaintiffs, by and through their attorney, Daniel J. Stewart, Minnesota Disability Law Center, bring this application for costs and attorney fees, and complaint as follows:

## I.  JURISDICTION

1. Jurisdiction for this application for costs and attorney fees arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(A), which states that the "district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy."

2. The IDEA, at 20 U.S.C. § 1415(i)(3)(B) and 34 CFR § 300.517, allows this Court to award reasonable attorney fees.

3. The Court has jurisdiction to consider and grant requests for attorney fees to parents who prevail in an IDEA administrative due process hearing. *John T. ex rel Robert T. v. Iowa Dept. of Ed*, 258 F.3d 860, 866 (8th Cir. 2001) (courts may award attorney fees to parents for IDEA administrative actions); *Johnson v. Bismarck Public*

*School Dist.*, 949 F.2d 1000, 1003 (8th Cir. 1991) (court has jurisdiction to award attorney fees to parents who prevail in an IDEA administrative due process hearing).

## II.  PARTIES

4.　At all times relevant to this proceeding Plaintiff M.N.B. was a 10-year old female student who was determined eligible to receive special education services pursuant to 34 C.F.R. § 300.8, and Minn. Stat. § 125A.02.  Plaintiff J.B. is the parent of the minor, M.N.B.  At the time of the due process hearing Plaintiffs resided in the City of Big Lake, County of Sherburne, State of Minnesota.

5.　At all times material herein Defendant Independent School District #279 ("the District" or "Osseo") was a public corporate body, as well as a political subdivision operating in Hennepin County, State of Minnesota under the management and control of its School Board.  The District, at all times material to the administrative due process hearing, was the school district responsible to provide special education services to M.N.B. pursuant to Minn. Stat. § 125A.03 and 34 C.F.R. § 300.17.

## III.  FACTUAL BACKGROUND

6.　Plaintiff J.B. enrolled M.N.B. into the District pursuant to Minnesota's enrollment options program codified at Minn. Stat. § 124D.03, which allows non-resident students, regardless of their disability status, to enroll in different school districts.  The District refused to provide M.N.B. with the transportation that she needs in order to receive special education services because M.N.B. did not live within the boundaries of the District.  Because of the District's refusal to provide cross-district transportation to

M.N.B., Plaintiff J.B. transported M.N.B. at her own expense to and from the school Osseo assigned to M.N.B.

7. The District filed a due process hearing request against M.N.B., seeking a determination that it is not required to provide transportation beyond its boundaries even for a student like M.N.B., who required specialized transportation because of her disabilities. Plaintiffs engaged the services of the undersigned attorney to represent them in the consolidated special education administrative MDE File No. 17-011H; OAH File 82-1300-34084 (the "Due Process Hearing"). Administrative Law Judge Barbara Case ("ALJ") presided over the Due Process Hearing.

8. In the Due Process Hearing, Plaintiffs filed a summary disposition motion to seek an ALJ order that required the District to be responsible for specialized transportation beyond its boundaries and for the District to reimburse Plaintiff J.B. for her transportation expenses caused by the District's refusal to transport M.N.B. from her home to her assigned school. The District filed a summary disposition motion seeking an ALJ order to justify its denial of transportation.

9. In an order dated March 17, 2017, attached as Exhibit 1, the ALJ granted the Plaintiffs' motion for summary disposition, denied the District's motion for summary disposition, and ordered that the District was responsible for M.N.B.'s transportation and for Plaintiff J.B.'s transportation expenses. The ALJ directed the parties to file a motion with the ALJ if the parties could not agree on a transportation reimbursement amount.

10. The parties could not agree on a transportation reimbursement amount. The Plaintiffs sought transportation for two roundtrips per day and the District proposed

reimbursement for one roundtrip per day. The parties informed the ALJ that they could not reach agreement on the transportation reimbursement amount. In an order dated May 2, 2017, attached as Exhibit 2, the ALJ agreed with the Plaintiffs' request and ordered the District to reimburse Plaintiff J.B. for two roundtrips per day.

11.     The ALJ's March 17, 2017 and May 2, 2017 orders afforded the Plaintiffs the benefits they sought and, as such, the Plaintiffs are prevailing parties.

12.     The District filed a motion for reconsideration with the ALJ seeking a reversal of the ALJ's decision dated May 2, 2017. On June 6, 2017, the ALJ denied this motion because the ALJ lacked jurisdiction to hear such a motion under state and federal special education law.

13.     The Plaintiffs' legal expenses, including attorney fees and costs, as of July 11, 2017, are $30,250.00.

14.     On June 15, 2017, the District filed a civil action in this Court appealing the Due Process Hearing decision. The case was assigned to the Honorable David S. Doty. See Case No. 0:17-cv-02068-DSD/HB.

### IV. STATEMENT OF CLAIM

15.     IDEA, at 20 U.S.C. § 1415(i)(3)(B) and 34 C.F.R. 300.517, allows the court to award reasonable attorney fees to prevailing parties. Plaintiffs' claim here is for reasonable attorney fees and costs expended in the representation of Plaintiffs in the special education Due Process Hearing identified as MDE File No. 17-011H; OAH File 82-1300-34084. The Plaintiffs were prevailing parties in the Due Process Hearing and are thus entitled to reasonable attorney fees.

## V. DEMAND FOR RELIEF

16. Plaintiffs seek a reasonable award of attorney fees and costs in the amount $30,250.00 for the services of the attorney who represented Plaintiffs through the Due Process Hearing and in connection with this request for attorney fees.

17. The rates Plaintiffs' attorney used to calculate this request are consistent with those allowed under 20 U.S.C. § 1415(i) (3) (B) and 34 C.F.R. § 300.517.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request and pray that upon final hearing Plaintiffs recover from Defendant judgment for reasonable attorney fees, costs and disbursements in the amount of $30,250; pre- and post-judgment interest at the highest rate allowed by law; and such other and further relief, general and special, legal and equitable, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**MINNESOTA DISABILITY LAW CENTER**

Dated: July 12, 2017

By:/s/Daniel J. Stewart
Daniel J. Stewart, Attorney No. 278919
Attorney for Plaintiffs
430 First Avenue North
Suite 300
Minneapolis, Minnesota 55401
(612) 746-3783
djstewart@mylegalaid.org