# Exhibit 2

**MINNESOTA OFFICE OF ADMINISTRATIVE HEARINGS**

PO Box 64620
Saint Paul, MN 55164-0620
mn.gov/oah

PH (651) 361-7900
TTY (651) 361-7878
FAX (651) 539-0310

May 2, 2017

**VIA E-FILING ONLY**
Dr. Brenda Cassellius, Commissioner
ATTN: Pamela Hinze
Department of Education
1500 Highway 36 West
Roseville, MN  55113-4266
Pamela.Hinze@state.mn.us

Re:   *In the Matter of Osseo School District v. M.N.B.*
OAH   82-1300-34084; MDE 17-011-H

Dear Commissioner Cassellius:

Enclosed and served upon you please find the Administrative Law Judge's **ORDER ON MOTION FOR REIMBURSEMENT** in the above-entitled matter. Also enclosed is the official record (including 2 transcripts).  The file of the Office of Administrative Hearings' in this matter is now closed.

If you have any questions, please contact my legal assistant Kendra McCausland at (651) 361-7870 or kendra.mccausland@state.mn.us, or facsimile at (651) 539-0310.

Sincerely,

BARBARA J. CASE
Administrative Law Judge

BJC:klm
Enclosure
cc:   Roseann Schreifels and Laura Tubbs Booth
Daniel J. Stewart

STATE OF MINNESOTA
OFFICE OF ADMINISTRATIVE HEARINGS
PO BOX 64620
600 NORTH ROBERT STREET
ST. PAUL, MN 55164-0620

## CERTIFICATE OF SERVICE

| In the Matter of Osseo School District v. M.N.B. | OAH Docket No.: 82-1300-34084 |
|---|---|

Kendra McCausland certifies that on May 2, 2017, she served a true and correct **ORDER ON MOTION FOR REIMBURSEMENT** by courier service, by placing it in the United States mail with postage prepaid, or by electronic mail, as indicated below, addressed to the following individuals:

**VIA E-FILING ONLY**
Dr. Brenda Cassellius, Commissioner
ATTN: Pamela Hinze
Department of Education
1500 Highway 36 West
Roseville, MN  55113-4266
Pamela.Hinze@state.mn.us

**VIA EMAIL ONLY**
Roseann Schreifels
Laura Booth
Booth Law Group LLC
10520 Wayzata Blvd Ste 200
Minnetonka, MN  55305
rschreifels@boothlawgroup.com
lbooth@boothlawgroup.com
EFehlandt@boothlawgroup.com

**VIA EMAIL ONLY**
Daniel J. Stewart
Mid-Minnesota Legal Aid
Minnesota Disability Law Center
430 N First Ave Ste 300
Minneapolis, MN  55401
djstewart@mylegalaid.org

**THIS DOCUMENT CONTAINS
NOT PUBLIC DATA**

OAH 82-1300-34084

STATE OF MINNESOTA
OFFICE OF ADMINISTRATIVE HEARINGS

FOR THE DEPARTMENT OF EDUCATION

| | |
|---|---|
| In the Matter of Osseo Public School District, Independent School District No. 279, | **ORDER ON MOTION FOR REIMBURSEMENT** |

v.

M.N.B. and her parent Jennifer Bridgeman

This matter came before Administrative Law Judge Barbara J. Case on letters from the parties informing the Administrative Law Judge that they were unable to reach an agreement regarding the amount of the reimbursement to be provided for parental transportation, as directed by the Administrative Law Judge in her Order on their Motions for Summary Disposition, and seeking a determination of the required reimbursement amount.

Roseann Schreifels and Laura Booth, Booth Law Group, LLC, appeared on behalf of the Osseo Public School District, Independent School District No. 279 (School District). Daniel J. Stewart, Mid-Minnesota Legal Aid, appeared on behalf of M.N.B. (Student) and her parent, Jennifer Bridgeman (the Parent).

Based upon all of the files and proceedings herein, and for the reasons contained in the Memorandum attached hereto,

**IT IS HEREBY ORDERED**:

1. The Student's Motion for reimbursement for transportation provided by the Parent to and from school from October 17, 2016 to April 12, 2017, in the amount of $7,120.96 is **GRANTED**.

2. Mileage for the actual transportation provided by the Parent since April 12, 2017, shall be calculated in compliance with this Order. The Parent shall be reimbursed for 68 miles per roundtrip, for two roundtrips per day, at the IRS mileage rate in effect for each day the Student is transported by the Parent.

Dated: May 2, 2017

_____
BARBARA J. CASE
Administrative Law Judge

**MEMORANDUM**

**Background**

The underlying action in this Individuals with Disabilities Education Improvement Act (IDEA) case concerned a disagreement about the extent of a school district's responsibility to provide transportation for a student who requires specialized transportation in accordance with an Individual Education Plan (IEP) and who has open-enrolled pursuant to Minnesota's Enrollment Options Program, pursuant to Minn. Stat. § 124D.03 (2016). The Administrative Law Judge found that such a student is entitled to publically funded transportation from home[1] to the school district and school into which the student has open-enrolled.

In this case, the Student's IEP stated, "[Student] will be transported individually to and from school. [Student] struggles with other students who are in close proximity to her that display vocalizations, which can be really frustrating to her."[2] The Student open-enrolled into the School District bringing with her the IEP containing this provision. The Student's prior district, her resident district, had entered into a contract with the Parent stating the terms according to which it would reimburse the Parent for driving the Student to and from school.[3]

The School District did not question its responsibility for transportation under the "Stay-put" IEP. The School District contended, however, that it was responsible only for transportation from and to its border and not into the Student's resident district. The Student asserted that the IDEA required the School District to provide transportation as written in the Student's IEP, even if that required the School District to go outside its border and into the Student's resident district.

The School District also did not challenge the IEP's statement that the Student needed to be "transported individually." Though it could have, the School District did not offer to provide the transportation in another manner, such as by providing School District transportation or hiring a livery service. The School District asserted that the "District has repeatedly offered to reimburse the Parent for the cost of transporting [Student]" to and from school.[4] The School District stated that it "stands willing to reimburse the Parent according to the terms of the contract provided to the Parent…."[5] The contract provided by the School District offered to reimburse the Parent for transportation from the School District border to the school Student attended "12.5 miles one way," not to exceed 25 miles per day, at a reimbursement rate of 54 cents per mile.[6]

---

[1] From home to school may not, in all special education cases, literally mean transporting a child from the child's abode to school. Whether a student requires transportation from the front door to school or, instead, can be transported from a corner or other bus stop location, may be at issue in a special education case, but that issue was not raised here.
[2] School District's Motion for Summary Judgement, Exhibit (Ex.) 5 at 3 (Student's IEP, Oct. 26, 2015).
[3] School District's Motion for Summary Judgement, Ex. 5.
[4] School District's response to Motion in Limine at 1.
[5] *Id*. at 2.
[6] Ex. 16

The Parent did not sign the contract and brought this case. The only issue raised was whether the School District was required to transport the Student outside the School District, between her home and the School District border. The parties each brought Motions for Summary Disposition on that issue. Shortly after the motions were filed, the Student brought a Motion in Limine requesting that the Administrative Law Judge order the School District to provide: (1) transportation to the public school district where the Student is open-enrolled; and (2) financial reimbursement to the Parent for providing that transportation on behalf of the School District. The Administrative Law Judge declined to rule on the Student's interim motion because it necessitated making a judgment on the underlying issue in the case already under consideration in the Motions for Summary Disposition.

Relying on a long-standing policy interpretation by the Federal Department of Education's Office of Special Education and Rehabilitative Services (OSERS), the Administrative Law Judge found that the School District was required to provide transportation outside of its borders if that transportation was required to provide a Free Appropriate Public Education (FAPE). Because the parties raised only the question of whether transportation across the School District's borders was required in the context of the intersection of the IDEA and open enrollment, once the Administrative Law Judge had decided that issue she instructed the parties to agree upon reimbursement for the transportation the Parents had been providing with the caveat that either party could bring a motion on the issue if they could not reach an agreement.[7] The parties did not bring motions but filed letters. The letters informed the Administrative Law Judge that the parties were not in agreement and set forth each party's position. For the purpose of this Order, the Administrative Law Judge regards those letters as Motions for an Order on Reimbursement.

**The Parties' Positions**

The School District states that it intends to appeal the Administrative Law Judge's Order on the Motions for Summary Disposition, but it "stands ready to transport" the Student and intends to "continue providing that transportation pending a decision on appeal."[8] However, the School District asserts that the IEP, which states that the Student will be "transported individually to and from school," does not require that the Student be transported by the Parent. The School District argues further that "[c]learly the decision to have the parent transport and pay her was not something that was written into the stay put IEP; nor was it even incorporated into the stay put by reference."[9] The School District agrees that it's "obligation was to implement the stay put IEP," but argues that it was not required to have the Parent provide the transportation.

---

[7] Order Granting Student's Motion for Summary Disposition and Denying District's Motion for Summary Disposition (Mar. 17, 2017).
[8] School District's
[9] *Id.*

The School District also argues that it is only required to provide mileage reimbursement to the Parent for one roundtrip per day for transportation provided by the Parent (38 miles from home to school x2 for a total of 76 miles per day).

The Student argues that "two roundtrips (based on a 34-mile one-way distance from home to school) are necessary. Reimbursement for one roundtrip is unduly burdensome on the parent given parental obligations during the day, the parents' financial costs associated with two roundtrips, and because the Parent's contract with [Student's] prior district includes two roundtrips."[10]

**Analysis**

The Student's IEP provides that Student is to receive special transportation in the form of being "transported individually to and from school." The School District never raised an issue about whether the individualized transportation was necessary, or whether there was an alternative to having the Parent transport. Throughout this case, the School District challenged only whether it was required to transport the Student outside its borders. The Administrative Law Judge found that it was required to do so.

Because the parties were unable to agree on the amount of reimbursement, the remaining question is whether the Parent should be reimbursed for one roundtrip per day or for two. In 2010, the federal Office for Civil Rights (OCR) found, where a district had offered reimbursement to parents for just one roundtrip a day, the district denied the students a free appropriate public education. OCR found that "reimbursement and restriction to one round trip per day for parent provided transportation was insufficient to adequately compensate parents for out-of-pocket expenses for providing transportation…."[11] Though not controlling, in the absence of a citation to other controlling case law by either party, the Administrative Law Judge finds the OCR's decision persuasive and analogous to the facts in this case. Here, the District is only offering to pay for half of the time and expense required for the Parent to transport the Student under the IEP. Because parental transportation was used to implement the transportation requirement of the Student's IEP, the entire expense of that service must be reimbursed, consistent with the District's obligation to provide a FAPE.

---

[10] Student's letter of April 12, 2017.
[11] Washoe County (NV) School District, Office of Civil Rights, 55 IDELR 234.

**Conclusion**

Based on the facts and analysis above, the School District shall reimburse the Parent for two roundtrips per day from the Parent's home to the Student's school. The actual total mileage per day is 136 miles.[12] Reimbursement shall be for the trips actually made.[13] The School District shall reimburse the Parent at the IRS mileage rate in effect for each day the Parent transported the Student.[14] The IRS mileage rate for 2016 was 54 cents per mile and for 2017 is 53.5 cents per mile.[15]

**B. J. C.**

---

[12] Parent's Affidavit at ¶ 5. The Parent's affidavit filed with her counsel's letter of April 12, 2017, states that the mileage from the Student's home to school is 34 miles one way. The District's letter of April 13, 2017, states that the mileage is 38 miles one way. As the Parent's mileage is lower it is reasonable to rely on the Parent's distance calculation.

[13] Parent's Affidavit. The Parent calculates the actual mileage she provided by deducting mileage on days she did not make a roundtrip but rather waited for the Student and by not charging for days when school was in session but the Student did not attend.

[14] Parent's Affidavit at ¶ 4. The number of days will need to be recalculated for the days the Student has been transported since the Parent's April 12, 2017 affidavit.

[15] Parent's Affidavit at ¶ 7.