**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| M.N.B., by and through her parent, J.B., <br><br> Plaintiffs, <br><br> v. <br><br> Independent School District No. 279, Osseo Area Schools, <br><br> Defendant. | Case No. 17-cv-02765 <br><br> **DEFENDANT'S ANSWER** |

Defendant Independent School District No. 279, Osseo Area Schools, ("Defendant" or "District" or "Osseo Area Schools") for its Answer to Plaintiffs' Complaint states as follows:

**ANSWER**

Defendant denies each and every allegation, matter and thing in Plaintiffs' Complaint except as specifically admitted, qualified or otherwise answered here. Where not specifically addressed, Defendant denies each and every allegation and puts Plaintiffs to their strict proof of each.

1. Regarding paragraph 1, Defendant denies that jurisdiction exists. On June 15, 2017, Osseo Area Schools filed a civil action under 20 U.S.C. §1415(i)(2) as the party aggrieved by the March 17, 2017 and May 2, 2017 orders of the administrative law judge ("ALJ") in a special education due process administrative hearing. Plaintiffs' instant Complaint seeking attorney fees--filed four weeks after Osseo Area Schools filed its federal complaint—is not ripe, for the prevailing party cannot be ascertained until the federal court rules on Osseo Area

School's complaint. Since M.N.B.'s Complaint seeking attorney fees is not ripe, subject matter jurisdiction does not exist.

2. Regarding paragraph 2, Defendant denies that this Court can award attorney fees because, until Osseo Area School's complaint is adjudicated, the prevailing party cannot be ascertained. The question of entitlement to attorney fees under the IDEA is premature, i.e., not ripe, so as to constitute an improper "advisory opinion"

3. Regarding paragraph 3, Defendant states that the cited cases speak for themselves and therefore the paragraph does not require a responsive pleading, denies that this Court has jurisdiction over the Complaint.

4. Regarding paragraph 4, Defendant admits.

5. Regarding paragraph 5, Defendant admits that it is a public school district formed and operating under the laws of the state of Minnesota, with principle offices located in Hennepin County, and operating under the management and control of its school board. Defendant denies that Minn. Stat. § 125A.03 made Defendant responsible to provide special education services to M.N.B. as Minn. Stat. § 125A.03 obligates a school district to provide special education services to residents of the district, and M.N.B. was not a resident of Defendant. Defendant denies that 34 C.F.R. §300.17 made Defendant responsible to provide special education services to M.N.B. as 34 C.F.R. §300.17 merely defines the term "free appropriate public education." The District admits that Minnesota's open enrollment law allows parents to enroll a student in a school of choice, subject to certain restrictions, and that Minnesota rule states that the providing district is responsible to ensure an appropriate program is available for the student.

6.      Regarding paragraph 6, Defendant admits that J.B. enrolled M.N.B. into the District under Minnesota's enrollment options program codified at Minn. Stat. §124D.08, denies the remaining allegations.

7.      Regarding paragraph 7, Defendant admits that it filed a due process hearing request against M.N.B., admits that Daniel J. Stewart was engaged to represent J.B. and M.N.B. in the due process administrative hearing, and denies the remaining allegations.

8.      Regarding paragraph 8, Defendant admits that M.N.B. and the District filed cross motions for summary disposition, states that the parties motion documents speak for themselves, and denies the remainder of the allegations.

9.      Regarding paragraph 9, Defendant admits that the ALJ issued an order dated March 17, 2017, states that the order speaks for itself such that paragraph does not require responsive pleading, otherwise denies.

10.     Regarding paragraph 10, Defendant admits that M.N.B. and the District could not agree on an amount owed under the ALJ order, states that the ALJ order dated May 2, 2017 speaks for itself, and denies the remainder of the allegations.

11.     Regarding paragraph 11, Defendant states that the May 2, 2017 and March 17, 2017 ALJ orders speak for themselves, further states that the prevailing party cannot be ascertained until the federal court rules on Osseo Area School's federal complaint, reiterates that subject matter jurisdiction over M.N.B.'s Complaint does not exist because the claim for attorney fees is not ripe, and otherwise denies the allegations.

12.     Regarding paragraph 12, Defendant admits that it filed a motion for reconsideration on May 2, 2017 which motion was denied by order of the ALJ on June 6, 2017,

states that the motion and order speak for themselves such that the paragraph does not require a responsive pleading, otherwise denies the allegations.

13. Regarding paragraph 13, Defendant lacks sufficient information upon which to form a belief, therefore denies the allegation.

14. Regarding Paragraph 14, Defendant admits the allegations.

15. Regarding Paragraph 15, Defendant admits that 20 U.S.C. § 1415(i)(3)(B) and 34 C.F.R. § 300.517 allow a court to award reasonable attorney fees to prevailing parties, states that Plaintiffs' Complaint speaks for itself, denies that M.N.B. and J.B. are the prevailing party, and states that the prevailing party cannot be ascertained until the federal court rules on the District's complaint brought under 20 U.S.C. §1415(i)(2).

16. Regarding Paragraph 16, Defendant states that the paragraph speaks for itself and does not require a responsive pleading, otherwise denies the allegations.

17. Regarding Paragraph 17, Defendant lacks sufficient information to form a belief, therefore denies the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Court lacks subject matter jurisdiction.

3. Defendant affirmatively states that the claim is not ripe.

4. Defendant affirmatively states that Plaintiffs are not the prevailing party under existing law.

5. The Complaint in whole or in part is not based on existing law, not well grounded in fact or not supported by a good faith argument that the law should be changed.  The

Complaint seeks relief that is not available or authorized by the law under which the Plaintiffs purport to rely.

6. Plaintiffs' claims are or may be barred by their own conduct, and may be barred in part or whole by the doctrine of laches, estoppel, waiver and doctrine of unclean hands.

7. The Defendant may be immune from liability as provided by Minnesota law.

8. Defendant does not admit any claim but asserts that liability is limited by the application of Minn. Stat. §466.04.

9. Defendant, at all times relevant to this action, acted in good faith and in full compliance with applicable law.

10. Defendant alleges that Plaintiffs' Complaint is premature and without merit and that Defendant is entitled to its attorneys' fees and costs.

WHEREFORE, Defendant respectfully prays Plaintiffs take nothing by their cause of action and that the Court orders the following:

1. This Court dismiss the Complaint with prejudice and order that Defendant recover its costs and disbursements;

2. And order such other relief as this Court deems just.

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorneys' and witness fees may be assess pursuant to Minn. Stat.§549.211 subd. 2.

Dated: September 12, 2017
        *s/Roseann T. Schreifels*_____
        Roseann T. Schreifels
        Attorney Registration No. 0257278
        Laura Tubbs Booth
        Attorney Registration No. 186910
        Booth Law Group LLC
        10520 Wayzata Blvd, Suite 200

Minnetonka, MN 55305
(763) 253-4155
rschreifels@boothlawgroup.com
lbooth@boothlawgroup.com
***Attorneys for Defendant Independent School District No. 279, Osseo Area Schools***